**THOMAS S. SIMS**
Attorney at Law
1775 Hancock Street, Suite 285
San Diego, California 92110
Telephone No. (619) 295-0509
Facsimile No. (619) 543-0824
Email: tsims1@san.rr.com
CA State Bar No: 99135

Attorney for Defendant,
**MIGUEL BRAVO-ROMERO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**
**(Hon. Barry Ted Moskowitz)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL BRAVO-ROMERO,<br><br>Defendant. | CASE NO. 08cr02411-BTM<br><br>**NOTICE OF MOTIONS AND MOTIONS TO:**<br><br>**(1) COMPEL DISCOVERY**<br>**(2) SUPPRESS STATEMENTS**<br>**(3) LEAVE TO FILE FURTHER MOTIONS**<br><br>**Date: August 29, 2008**<br>**Time:1:30 p.m.** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Friday, August 29, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard, the defendant, MIGUEL BRAVO-ROMERO, by and through his counsel, Thomas S. Sims, will ask this Court to issue an order granting the motions listed below.

## <u>MOTIONS</u>

The defendant, MIGUEL BRAVO-ROMERO, by and through his counsel, Thomas S. Sims, asks this Court pursuant to the Fifth and Sixth Amendments, to the United States Constitution, Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes and local rules for an order to:

1) Compel Discovery;

2) Suppress Statements; and

3) Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: August 13, 2008

s/Thomas S. Sims

THOMAS S. SIMS
Attorney for Defendant
MIGUEL BRAVO-ROMERO
Email: tsims1@san.rr.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**
**(Hon. Barry Ted Moskowitz)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MIGUEL BRAVO-ROMERO,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 08cr02411-BTM<br>**CERTIFICATE OF SERVICE** |

**IT IS HEREBY CERTIFIED THAT:**

I, THOMAS S. SIMS, am a citizen of the United States and am at least eighteen years of age. My business address is 1775 Hancock Street, Ste. 285, San Diego, California, 92110.

I am not a party to the above-entitled action. I hereby certify that I have caused to be served **NOTICE OF MOTIONS AND MOTIONS TO COMPEL DISCOVERY; SUPPRESS STATEMENTS; AND LEAVE TO FILE FURTHER MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** to the following ECF participants on this case:

**Caroline Pineda Han**
Caroline.Han@usdoj.gov,efile.dkt.gc1@usdoj.gov,ginger.stacey@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2008.

s/Thomas S. Sims
THOMAS S. SIMS

**THOMAS S. SIMS**
Attorney at Law
1775 Hancock Street, Suite 285
San Diego, California 92110
Telephone No. (619) 295-0509
Facsimile No. (619) 543-0824
Email: tsims1@san.rr.com
CA State Bar No: 99135

Attorney for Defendant,
**MIGUEL BRAVO-ROMERO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**
**(Hon. Barry Ted Moskowitz)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL BRAVO-ROMERO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 08cr02411-BTM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**MOTION TO COMPEL DISCOVERY**

Defense counsel has received some discovery in this case. However, because Mr. BRAVO-ROMERO believes that there may be other discovery outstanding, he moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

(1) The Defendant's Statements Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government

intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3) Reports of Scientific Tests or Examinations Pursuant to Fed. R. Crim. P. 16(D), Mr. BRAVO-ROMERO requests the reports of all tests and examinations conducted upon the evidence in this case, and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for

the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(4) Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.) As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6) The Defendant's Prior Record Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) Any Proposed 404(b) Evidence Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) Evidence Seized Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(9) Request for Preservation of Evidence The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the

events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(10) Tangible Objects The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Because the defendant is alleged to have committed one or more bank robberies, he requests that any and all surveillance footage be provided as part of his discovery requests;

(11) Evidence of Bias or Motive to Lie The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989);

(12) Impeachment Evidence The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) Evidence of Criminal Investigation of Any Government Witness The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

/ / /

(14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(15) Witness Addresses The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(16) Name of Witnesses Favorable to the Defendant The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(17) Statements Relevant to the Defense The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(18) Jencks Act Material The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial,

including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) Giglio Information Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) Personnel Records of Government Officers Involved in the Arrest The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) Government Examination of Law Enforcement Personnel Files Mr. BRAVO-ROMERO requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. BRAVO-ROMERO requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying

witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. BRAVO-ROMERO prior to trial. Mr. BRAVO-ROMERO specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

## II.

## MOTION TO SUPPRESS STATEMENTS

Mr. BRAVO-ROMERO moves to suppress any statements made at the time of his arrest on the grounds that his Miranda waiver was not knowing, intelligent, and voluntary. Moreover, Mr. BRAVO-ROMERO moves to suppress any other statements made on the grounds that those statements were not made voluntarily.

### A. The Government must Demonstrate Compliance with *Miranda*.

In order for any statements made by Mr. BRAVO-ROMERO to be admissible against him, the government must demonstrate that they were obtained in compliance with the Miranda decision.

#### 1. Mr. BRAVO-ROMERO's Waiver must Be Voluntary, Knowing, and Intelligent.

The government must establish that Mr. BRAVO-ROMERO's waiver of his Miranda rights was voluntary, knowing, and intelligent. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). When interrogation continues without the presence of an attorney, and a statement results, the government has a heavy burden to demonstrate that the defendant has intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. The court must indulge every reasonable presumption against waiver of fundamental constitutional rights, so the burden on the government is great. United States v. Heldt, 745 F. 2d 1275, 1277 (9th Cir. 1984).

In determining whether a waiver is voluntary, knowing, and intelligent, the court looks to the totality of the circumstances surrounding the case. Edwards v. Arizona, 451 U.S. 477 (1981); United States v. Garibay, 143 F.3d 534 (9th Cir. 1998). The Ninth

Circuit has held that determination of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Derrick v. Peterson, 924 F. 2d 813 (9th Cir. 1990). The second prong requires an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-821 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). Not only must the waiver be uncoerced, then it must also involve a "requisite level of comprehension" before a court may conclude that Miranda rights have been legitimately waived. Id. (quoting Colorado v. Spring, 479 U.S. at 573). Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as a result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479. The government in this case must prove that Mr. BRAVO-ROMERO waived his rights intelligently and voluntarily. Mr. BRAVO-ROMERO disputes any allegation that his waiver was knowing, intelligent, and voluntarily.

**B. Mr. BRAVO-ROMERO's Statements must Be Voluntary.**

Even if this Court determines that Mr. BRAVO-ROMERO validly waived his Miranda rights, it must still make a determination that any statements are voluntary. Under 18 U.S.C. § 3501(a), this Court is required to determine whether any statements made by Mr. BRAVO-ROMERO are voluntary. In addition, section 3501(b) requires this Court to consider various enumerated factors, including whether Mr. BRAVO-ROMERO understood the nature of the charges against him and whether he understood his rights. Without such evidence, this Court cannot adequately consider these statutorily mandated factors.

Moreover, section 3501(a) requires this Court to make a factual determination. Where a factual determination is required, Fed. R. Crim. P. 12 obligates courts to make factual findings. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important as the trial itself,'" id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported

by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

**III.**

**LEAVE TO FILE FURTHER MOTIONS**

Counsel requests the court grant Mr. BRAVO-ROMERO leave to file further motions after he has the opportunity to review further discovery. Defense counsel received a phone call from government counsel on this date. Government counsel has indicated additional discovery related to the A-file will be reproduced in a couple of days. Defense counsel may seek a continuance of the motions date currently scheduled.

**CONCLUSION**

For the foregoing reasons, MIGUEL BRAVO-ROMERO, respectfully requests this Court grant these motions.

Respectfully submitted,

Dated: August 13, 2008

s/Thomas S. Sims

THOMAS S. SIMS
Attorney for Defendant
MIGUEL BRAVO-ROMERO
Email: tsims1@san.rr.com