**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES, | CASE NO. 08cr2411 BTM |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS INDICTMENT DUE TO INVALID DEPORTATION** |
| vs. | |
| MIGUEL BRAVO-ROMERO, | |
| Defendant. | |

Defendant Miguel Bravo-Romero has filed a motion to dismiss the indictment due to an invalid deportation. For the reasons discussed below, Defendant's motion is **DENIED**.

**I. BACKGROUND**

Defendant is a citizen of Mexico. On August 12, 1987, he was admitted into the United States as a lawful permanent resident. On March 18, 1988, Defendant was convicted of Attempted Murder with a Firearm in violation of Oregon Revised Statutes §§ 163.115, 161.405, and was sentenced to 20 years in prison.

On March 8, 1993, Defendant was ordered removed. However, this order was reversed by the BIA. Beginning on February 5, 1994, Defendant had several hearings before Immigration Judges Kenneth Josephson and Anna Ho. During the final hearing before Judge Ho on December 9, 1996, Defendant admitted that he was convicted of an aggravated felony. Judge Ho found that Defendant was deportable and was ineligible for 212(h) relief.

In a decision dated December 17, 1996, Judge Ho ordered that Defendant be deported to Mexico and that his request to file a 212(h) waiver be denied.

On September 29, 2000, Defendant was removed from the United States.

On October 5, 2007, Defendant was convicted of Forgery in violation of Cal. Penal Code § 470(D) and received a sentence of 16 months' imprisonment.

On November 9, 2007, Defendant's prior deportation order was reinstated and he was removed again.

On June 29, 2008, Defendant was arrested after a border patrol agent found him and two other aliens attempting to conceal themselves in some brush near the border.

## II. DISCUSSION

Defendant seeks to invalidate his 1996 deportation order on multiple grounds. Defendant contends: (1) his due process rights were violated because the IJ erroneously found that Defendant was not eligible for 212(h) relief; (2) his due process rights were violated because the IJ failed to inform him of his eligibility for pre-conclusion voluntary departure; (3) he was denied his right to counsel during the deportation hearing; and (4) he was deprived of judicial review because he filed a timely notice of appeal that the BIA never took action on.  As discussed below, none of Defendant's arguments are persuasive.

A.  1326(d) Collateral Attack

To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order; (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.  United States v. Ubaldo-Figueroa, 364 F.3d 1047, 1048 (9th Cir. 2004).  An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.  Id.

An alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order. United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000). However, the exhaustion requirement of 8 U.S.C. 1326(d) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." United States v. Muro-Inclan, 249 F.3d 1180, 1183 (9th Cir. 2001). "[A] waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him the opportunity to develop the issue." Id. at 1182 (internal quotation marks omitted).

B. 212(h) Relief

Defendant claims that he was "misadvised" regarding his eligibility for 212(h) relief. The Court disagrees.

The IJ found that Defendant was no longer eligible for 212(h) relief due to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which barred relief to aggravated felons. As noted by the IJ in her decision, IIRIRA provided that its amendment to 212(h) would be effective on the date of the enactment of the Act (September 30, 1996). IIRIRA § 348(b).

Therefore, Defendant was not eligible for 212(h) relief if he had been convicted of an "aggravated felony." Defendant does not dispute that on March 18, 1988, he was convicted of attempted murder with a firearm in violation of Oregon Revised Statutes §§ 163.115, 161.405, and was sentenced to 20 years in prison. Attempted murder is an "aggravated felony." 8 U.S.C. § 1101(a)(43)(A), (U). [1]

Moreover, Defendant has not shown that his deportation would have caused extreme hardship to his wife or children. Section 212(h) limits the Attorney General's discretionary

---

[1] IIRIRA's amended definition of "aggravated felony" applies to actions taken on or after the date of IIRIRA's enactment. IIRIRA § 321(c). "Actions" refer to orders and decisions issued by the BIA or an IJ. Valderrama-Fonseca v INS, 116 F.3d. 853, 856 (9th Cir. 1997).

waiver to cases where refusing admission to the United States would result in "extreme hardship" to the citizen or lawful resident spouse or parent of the alien. 8 U.S.C. § 1182(h). "Extreme hardship" means a showing of "great actual or prospective injury" or "extreme impact" on the citizen family member, beyond the "common results of deportation." United States v. Arce-Hernandez, 163 F.3d 559, 564 (9th Cir. 1999) (quoting Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir. 1994) (internal quotations omitted). Defendant has not provided any explanation of how his family members would have suffered extreme hardship.

B.  Voluntary Departure

Defendant contends that the IJ erroneously failed to inform him that he was eligible for pre-conclusion voluntary departure. This argument fails because the IJ was not required to mention relief that would have been granted, if at all, before the hearing, and Defendant was not eligible for pre-conclusion or post-conclusion voluntary departure as a result of his aggravated felony conviction.

The statute governing pre-conclusion voluntary departure provided:

> In the discretion of the Attorney General, and under such regulations as he may prescribe, deportation proceedings, including issuance of a warrant of arrest, and a finding of deportability under this section need not be required in the case of any alien who admits to belonging to a class of aliens who are deportable under section 1251 of this title if such alien voluntarily departs from the United States at his own expense, or is removed at Government expense as hereinafter authorized, *unless the Attorney General has reason to believe that such alien is deportable under paragraphs (2), (3) or (4) of section 1251(a)* of this title.

8 U.S.C. § 1252(b) (1996) (emphasis added).[2]  Defendant was deportable under 1251(a)(2)(A)(iii), which provided that any alien who is convicted of an aggravated felony at any time after entry is deportable. As already discussed, attempted murder is an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), (U). Therefore, Defendant would not have qualified for pre-conclusion voluntary departure.

Moreover, because pre-conclusion voluntary departure would have been granted, if

---

[2] IIRIRA's amendments to the voluntary departure provisions became effective on April 1, 1997. IIRIRA §§ 304, 309.

at all, *before* the hearing, the IJ cannot have violated the defendant's rights by failing to mention it at the hearing itself. United States v. Becerril-Lopez, 541 F.3d 881, 887 (9th Cir. 2008).

Defendant was also ineligible for post-conclusion voluntary departure due to his "aggravated felony" conviction. See 8 U.S.C. § 1254(e) (1996). Accordingly, the IJ was not required to inform Defendant that he was eligible for either pre-conclusion or post-conclusion voluntary departure.

C. Denial of Counsel

Defendant argues that he was denied his right to counsel during the deportation hearings. Defendant's argument fails because he cannot show that he was potentially prejudiced as a result of any denial of counsel.

The Ninth Circuit has held:

> Although IJs may not be required to undertake Herculean efforts to afford the right to counsel, at a minimum they must [ (1) ] inquire whether the petitioner wishes counsel, [ (2) ] determine a reasonable period for obtaining counsel, and [ (3) ] assess whether any waiver of counsel is knowing and voluntary.

Biwot v. Gonzales, 403 F.3d 1094, 1100 (9th Cir.2005). In order to proceed without counsel, an IJ must inquire whether there is good cause to grant the alien more time to obtain counsel or, in the absence of a showing of good cause, must determine that the right to counsel has been forfeited. Ram v. Mukasey, 529 F.3d 1238, 1242 (9th Cir. 2008).

At the May 20, 1996 hearing, the IJ explained to Defendant that he might want to seek the advice of counsel and granted Defendant a continuance in order to find an attorney. (Gov't Ex. 5.) On September 23, 1996, the IJ agreed to give Defendant additional time to find an attorney because the INS had filed a new charge against him. The IJ continued the hearing to December 9, 1996, and warned Defendant that there would be no more continuances and that if he did not have an attorney the next time, he would have to represent himself. Defendant did not obtain an attorney by the December hearing date, and the IJ went ahead with the proceedings.

It appears that the IJ did not make any inquiries as to whether there was good cause

for an additional continuance, as required by Ninth Circuit law.  Thus, the Court cannot conclude that there was a knowing and voluntary waiver of counsel.  See Ram, 529 F.3d at 1242.

However, to establish a denial of due process, Defendant must show that "the denial of his right to counsel potentially affected the outcome of the proceedings." Ram, 529 F.3d at 1242.  In Ram, there was some question whether Ram's conviction for narcotics possession constituted an aggravated felony.  Here, it does not appear to be disputed that Defendant was convicted of attempted murder, which is clearly an aggravated felony.  Because Defendant has not shown that any denial of his right to counsel even potentially affected the outcome of the proceedings, Defendant is not entitled to relief on this ground.

D.  Denial of Judicial Review

Defendant claims that although he recollects filing an appeal, no action was ever taken on his appeal.  Defendant does not have a copy of the appeal papers, and there is no record of the appeal.

Even if Defendant is to be believed, Defendant cannot show that he suffered prejudice due to inaction on the appeal (i.e., that he had plausible arguments on appeal).  Furthermore, Defendant should have taken steps on his own to find out what happened to the appeal and should have exhausted administrative remedies to obtain the appropriate relief.

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the indictment due to an invalid deportation is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 3, 2009

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge